**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TONY DEWAYNE HOUSTON,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 3:26-mj-223<br><br>Magistrate Judge Peter B. Silvain, Jr. |

---

## ORDER FINDING DEFENDANT MENTALLY COMPETENT TO STAND TRIAL

---

This case is before the Court upon a mental competency evaluation and hearing that was conducted pursuant to 18 U.S.C. § 4241.

## I. BACKGROUND

On June 12, 2026, Defendant underwent a mental competency evaluation by Massimo De Marchis, Psy.D., LICDC-CS. As outlined more fully in his mental examination report dated June 16, 2026, Dr. De Marchis performed a clinical interview, mental status evaluation, competency screening interview, and psychological testing in order to assess Defendant's mental competency and ability to assist in his own defense. (Doc. #13). Following his evaluation, Dr. De Marchis opined that Defendant "is not an acutely mentally ill individual nor an intellectually disabled individual. He is currently capable of understanding the court proceedings and assisting in his defense." *Id.* at 51. As a result, Dr. De Marchis concluded that Defendant is competent to stand trial. *Id*.

Copies of the report were furnished to counsel for the United States and Defendant.

On August 17, 2026, the Court held a mental competency hearing. Assistant United States Attorney George R. Painter participated on behalf of the United States. Defendant was present at the hearing and was represented by Attorney James Sanchez. At the hearing, Attorney Painter and Attorney Sanchez indicated that they had no objections to Dr. De Marchis' report, and it was admitted into evidence. Furthermore, both parties concurred with Dr. De Marchis' conclusion that Defendant is competent to stand trial.

## II. LEGAL STANDARD

A district court is obligated "to inquire into a defendant's competency whenever there is reasonable cause to believe that the defendant is incompetent to stand trial." *United States v. Denkins*, 367 F.3d 537, 545 (6th Cir. 2004) (internal quotation marks omitted). Pursuant to 18 U.S.C. § 4241(d), a defendant is not mentally competent to stand trial if the court finds "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense...." Relevant to this inquiry, then, is "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." *Drope v. Missouri,* 420 U.S. 162, 180, 95 S. Ct. 896, 908 (1975). However, the mere presence of a mental illness or mental health disorder does not render a defendant incompetent. *See United States v. Davis,* 93 F.3d 1286, 1290 (6th Cir. 1996). Rather, "the bar for incompetency is high: a criminal defendant must lack either a 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' or 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Miller*, 531 F.3d 340, 350 (6th Cir. 2008) (quoting *Drope*, 420 U.S. at 172).

## III. ANALYSIS

Based on the standard set forth above and considering all the evidence of record, the Court does not find that Defendant lacks either the present ability to consult with his lawyer with a reasonable degree of rational understanding or a rational as well as factual understanding of the proceedings against him. As an initial matter, the parties do not allege, nor does the Court find, that Defendant has exhibited any signs of irrational behavior during court proceedings. On the contrary, at his initial appearance, Defendant acknowledged his understanding of the charges and the penalties alleged against him and offered a plea of not guilty through his defense counsel.

Furthermore, as set forth in Dr. De Marchis' June 16, 2026 report, Defendant possesses a sufficient understanding of the nature and objectives of the proceedings against him and has the ability to assist in his defense. Having carefully considered all the evidence that has been presented, the Court fully credits Dr. De Marchis' report and agrees with his conclusion that Defendant is mentally competent to stand trial.

## IV. CONCLUSION

After considering the totality of the record, the Court finds by a preponderance of the evidence that Defendant is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

**IT IS SO ORDERED.**

August 17, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge